IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ALLEN NICHOLS,

    Petitioner,                    No. CIV S-11-0368 GEB EFB P

    vs.

WILLIAM KNIPP,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He has requested that the court stay this proceeding so that he can exhaust one of his claims. Dckt. No. 3. For the following reasons, the undersigned recommends that the motion for stay be denied.

**I.    The Exhaustion Requirement**

       A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to

1

pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

Where a petition contains both unexhausted and exhausted claims, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the previously unexhausted claims prior to filing the amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981. 986 (9th Cir. 1998); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Alternatively, the petitioner may seek a stay of the federal proceedings while he attempts to exhaust the unexhausted claims. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

**II.     Propriety of Stay**

A court may stay a petition and hold it in abeyance pursuant to either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), or *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (1995). *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). *Kelly* and *Rhines* set out different procedures and impose different requirements for obtaining a stay. Under *Kelly*, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. *Id.* (citing *Kelly*, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided that the claims are not time-barred (as a stay pursuant to *Kelly* does not toll the federal limitations period with respect to the unexhausted claims). *Id.* at 1135, 1140-41. The court may deny a request for stay under *Kelly* if the new claims cannot be added to the existing habeas petition after they are exhausted in state court due to the time-bar. *See id.* at 1141.

Under *Rhines*, a court may stay a "mixed" petition, i.e., one containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines*, 544 U.S. at 277. Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" *King*, 564 F.3d

at 1140.  To qualify for a stay under *Rhines*, however, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim.  *Rhines*, 544 U.S. at 277-78.  The *Kelly* procedure, which has remained available after *Rhines*, does not require a showing of good cause.  *King*, 564 F.3d at 1140.

Petitioner identifies a single, broadly-stated issue that he seeks to exhaust – "ineffective assistance of council [sic] re both my trial and my appellate attorneys."  This issue is not contained in the petition's list of claims (although it is mentioned elsewhere in the petition as unexhausted).  Thus the petition may raise only exhausted claims (a point not conceded by respondent) and be amenable to the less-burdensome *Kelly* procedure, provided petitioner's unexhausted claim is timely.

Petitioner's judgment became final on direct review 90 days from the California Supreme Court's denial of review of his case, when the time for petitioning the U.S. Supreme Court for certiorari expired, provided that petitioner did not seek U.S. Supreme Court certiorari.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  As the California Supreme Court denied review on November 10, 2009 (Docket No. 17, Exhibit 1), petitioner had until February 8, 2010 to seek review in the U.S. Supreme Court, which he apparently did not do.  *See* Dckt. No. 1 at 2 (portion of form habeas petition asking whether petition for certiorari was filed in the U.S. Supreme Court left blank).  He had one year from that date to timely file his federal habeas claims.

It is now mid-2011.  Thus, even if the court were to grant a stay under *Kelly* and petitioner were to amend his petition after exhaustion to state the additional claim, the additional claim is time-barred unless it shares a "common core of operative facts with the claims in the pending petition" or tolling of the limitations period is warranted for some reason.  *King*, 564 F.3d at 1141 (internal quotation marks omitted).  Because petitioner has not provided sufficient information for the court to determine whether the claim he wishes to exhaust is timely, and thus

the court cannot determine whether a stay would be futile, the undersigned recommends that the court decline to exercise its discretion to stay the petition under the *Kelly* procedure.

As for *Rhines*, petitioner has not made the showing required.  Petitioner states simply that the ineffective assistance claim was not raised earlier because it was "not properly raised as issue nor federalized by appellant attorney."  Dckt. No. 1 at 5.  However, a mere allegation of ineffective assistance of counsel as excuse for failure to exhaust does not amount to good cause. *See, e.g., Meredith v. Lopez*, No. 2:10-cv-1395 JFM (HC), 2011 U.S. Dist. LEXIS 70772, at *9-10 (E.D. Cal. June 30, 2011) and cases cited therein.  Petitioner has raised no argument regarding the three additional *Rhines* factors listed above.

## III.   Recommendation

Because petitioner has not shown that a stay would be appropriate in this case under either the *Kelly* or *Rhines* procedures, the undersigned recommends that petitioner's February 9, 2011 motion for stay (Docket No. 3) be denied without prejudice.  Should the recommendation be adopted by the District Court, petitioner may again seek a stay of these proceedings by filing a renewed motion for stay that shows either that a stay is warranted under *Kelly* (because his petition contains only exhausted claims and his unexhausted claims are not time-barred) or that a stay is warranted under *Rhines* (because the unexhausted claims in the petition were not exhausted prior to filing for good cause and are potentially meritorious, and describing the status of any pending state court proceedings on his unexhausted claims and how petitioner has diligently pursued those claims).

Accordingly, it is hereby RECOMMENDED that petitioner's motion for stay, Dckt. No. 3, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

4

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  August 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE